IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| JOSE LIBIO SINESTERRA | § |
| VS. | §   CIVIL ACTION NO. 5:08cv16 |
| KEITH ROY | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jose Libio Sinesterra, an inmate confined at the Federal Correctional Institution at Texarkana, Texas, proceeding *pro se*, filed the above-styled lawsuit.

The case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In 2005, pursuant to a plea of guilty entered in the United States Court District Court for the Middle District of Florida, petitioner was convicted of possessing with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. He was sentenced to 135 months imprisonment.

The Petition

Petitioner has filed an "independent action" in equity for writ of habeas corpus. Petitioner asks whether, in equity, a person can be indicted and coerced through duress and undue

influence, to sign a plea agreement for possession with intent to distribute drugs, that did not exist.

## Analysis

As stated above, petitioner brings this petition as an independent action in equity for writ of habeas corpus. An independent action for relief is an equitable remedy available in civil trials under Federal Rule of Civil Procedure 60. However, independent actions must "be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*." *United States v. Beggerly*, 524 U.S. 38, 46 (1998).

The United States Court of Appeals for the Fifth Circuit has stated that the essential elements of an independent action are: (1) a judgment which ought not, in equity and good conscience, be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *See Bankers Mortgage Co. v. U.S.*, 423 F.2d 73, 79 (5th Cir. 1970).

In this case, petitioner has shown no valid basis upon which to maintain an independent action. Further, petitioner had an adequate remedy at law. Petitioner had an opportunity to appeal his conviction and could have filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The Fifth Circuit has specifically stated that an independent action to obtain relief from a prior judgment cannot be made a basis for the relitigation of issues adjudicated by the judgment sought to be annulled. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 668 (5th Cir. 1981). "Relief pursuant to the independent action is available only in cases of 'unusual and exceptional circumstances.'" *Barrett v. Secretary of Health and Human Services*, 840 F.2d 1259, 1263 (6th Cir. 1987) (citing *Rader v. Human Services*, 476 F.2d 182, 184 (6th Cir. 1973) (*per curiam*)). The Court concluded in *Beggerly* that under Rule 60 an independent action should be available only to prevent "a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47.

It is clear that petitioner cannot meet this standard. Petitioner seeks relief from the judgment of the federal sentencing court. However, petitioner was not prevented from fully presenting the arguments made herein on appeal or in a motion to vacate.

Liberally interpreting petitioner's petition as proceeding pursuant to 28 U.S.C. § 2241, petitioner's claims also fail. Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of the convictions themselves. 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under Section 2241 which challenges a conviction is properly construed as a motion to vacate filed under Section 2255. *Id*. at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 to attack a conviction if it appears that the remedy afforded by a motion to vacate "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

As petitioner attacks the legality of his conviction, his petition could be construed as a motion to vacate, set aside or correct sentence. However, petitioner does not appear to wish to proceed under Section 2255. Instead, petitioner's petition should be interpreted as an attempt to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he appears to believe Section 2255 is inadequate in his situation.

A petition for writ of habeas corpus filed pursuant to Section 2241 is not a substitute for a motion to vacate filed pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion filed under Section 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001).

The Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a Section 2241 petition in connection with Section 2255's savings clause. In *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), the Fifth Circuit held

that "the savings clause of Section 2255 applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion." *Id*. at 904.

Petitioner's grounds for review do not amount to an assertion that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Nor are his grounds for review based on retroactively applicable Supreme Court decisions. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of Section 2255. Thus, the petition should be dismissed.

## Recommendation

The above-styled petition should be dismissed.

## Objections

Within 10 days after receipt of this report, any party may file objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained herein within 10 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996)

**SIGNED**   7   day of    March   , 2008.


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE